IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO GUEVARA aka § | | |
| FRANCIS GUEVARA, Individually and § | | |
| On Behalf of All Similarly Situated § | | |
| Persons, § | | |
|     Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. 4:17-cv-1880 | |
| § | | |
| 225 ENTERPRISES, INC., d/b/a § | | |
| PETROMART #109 and MOHAMMED § | | |
| PATEL, § | | |
|     Defendants. § | JURY DEMANDED | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid minimum wages and overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Francisco "Francis" Guevara and all other similarly situated employees ("Members of the Class"), by Defendants, their subsidiaries and affiliated companies.

### Parties

1. Plaintiff Francisco Guevara aka Francis Guevara ("Guevara") is an employee of the Defendants, as that term is defined by the FLSA, and is represented by the undersigned.

2. Defendant 225 Enterprises, Inc. d/b/a Petromart #109 ("Petromart") is a Texas corporation that is an "employer" of Guevara as that term is defined by the FLSA. With respect to Plaintiff and the Members of the Class, Petromart is subject to the provisions of the FLSA. Petromart was at all relevant times an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Defendant Petromart may be served with process through its registered agent, Farzana Patel at 9337 B Katy Freeway, #109, Houston, Texas 77024 9337 Katy Freeway, #109B, Houston, Texas 77024 or wherever agent may be found.

3.      Defendant Mohammed Patel, ("Patel"), is an individual who was an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, Patel is subject to the provisions of the FLSA. Mr. Patel acted on behalf of 225 Enterprises, Inc. d/b/a Petromart #109 in setting the terms of wages and hours throughout the companies, and running them on a day to day basis. Mr. Patel worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Patel may be served with process at 9337 B Katy Freeway, #109, Houston, Texas 77024, 9337 Katy Freeway, #109B, Houston, Texas 77024 or wherever he may be found.

## Jurisdiction and Venue

4.      This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual

2

gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

5. Guevara started working for Defendants as a cashier in March of 2017 and is still currently employed by the Defendants. Guevara's duties include, but are not limited to, selling gasoline, lottery tickets, snacks and other merchandise to customers, operating the register to take and process payments from customers and stocking and shelving merchandise at the store. Plaintiff has regularly worked more than 40 hours a week throughout her employment with Defendants. Guevara is paid on an hourly basis, but was not paid premium pay for hours worked over 40. In other words, throughout Guevara's employment with Defendants, Defendants failed to pay her the overtime premium required by the FLSA. She was paid the same hourly rate for all hours she worked, regardless of how many hours she worked in a week.

6. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff is not an "exempt" employee.

7. Mohammed Patel is the director of 225 Enterprises, Inc. d/b/a Petromart #109 and has the ability to affect the daily conditions of employment of the company's employees. Patel hired, fired and set pay policies and structures for employees. Patel is thus an "employer" of Plaintiff under the terms and definitions of the FLSA, and is liable to Plaintiff for the damages sought herein.

8. Defendants are liable to Plaintiff under the FLSA for all unpaid minimum wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendants in violating the FLSA, Plaintiff, and every employee similarly situated, is entitled to recover unpaid overtime compensation and liquidated damages for a period of three years prior to the filing of this case.

### Plaintiff's Individual Allegations

9. As a non-exempt employee, Plaintiff was entitled to be paid her regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in most workweeks that the Plaintiff was employed by Defendants during the Relevant Time Period, as the Plaintiff worked in excess of 40 hours in most weeks. Plaintiff was paid on hourly rate basis, but was not paid premium pay for hours worked over 40.

10. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours she worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

### Collective Action Allegations

11. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware of the illegal practices or policies that the Defendants have imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all hourly employees on the same basis.

12. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of non-exempt work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job

4

duties.

13. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy independent of any personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

16. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed on an hourly basis by Defendants 225 Enterprises, Inc. d/b/a Petromart #109 and Mohammed Patel during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

18. Plaintiff and Members of the Class have suffered damages as a direct result of

Defendants' illegal actions.

19. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## **Demand for Jury**

20. Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by 225 Enterprises, Inc. and Mohammed Patel and paid an hourly rate during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

                                            **ATTORNEY-IN-CHARGE FOR**
                                            **PLAINTIFF FRANCISCO GUEVARA**
                                            **AKA FRANCIS GUEVARA**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
FRANCISCO GUEVARA AKA
FRANCIS GUEVARA**